### TOOTS GRANT v. THE STATE.

No. 10733.   Delivered March 2, 1927.

Rehearing denied April 6, 1927.

**1.—Burglary—No Statement of Facts, Nor Bill of Exception.**

This record is before us without either a statement of facts or bill of exception, and it appearing that the indictment sufficiently charges the offense, and the charge of the court correctly applies the law, the judgment must be affirmed.

ON REHEARING.

**2.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

On rehearing appellant presents that the court erred in refusing to grant him a new trial, because of newly discovered evidence. The newly discovered evidence is disclosed in an affidavit signed by appellant's counsel and others to the effect that appellant could prove by a number of witnesses that he, appellant, was a kleptomaniac, that is a person who had irresistible impulses to steal. Certainly if it was known to appellant's attorney that such was the situation of his client, the testimony could in no sense be newly discovered. The motion for rehearing is therefore overruled.

Appeal from the District Court of Wood County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of burglary, punishment two years in the penitentiary.

The record is before us without any bills of exception or statement of facts.   The indictment sufficiently charges the offense, and the charge of the court applies the law.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks a rehearing on the proposition that the court erred in declining to grant him a new trial because of newly discovered testimony.   The motion for new trial set up the fact that by a number of witnesses appellant could prove that he was a kleptomaniac, that is, a person who has an irresistible impulse to steal.   Appellant's attorney is one of the party who makes the affidavit that such fact can be established in behalf of the accused.   Certainly, if it was known to appellant's attorney that such was the situation of his client, the testimony could in no sense be said to be newly discovered.   We do not think the learned trial judge abused his discretion in overruling the motion for new trial.

The motion for rehearing will be overruled.

*Overruled.*